UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| WARFIGHTERS MOTORCYCLE CLUB ) ) Plaintiff, ) ) v. ) ) JOHN TAYLOR dba WARFIGHTERS ) VETERANS MEMORIAL COALITION ) ) Serve: ) John Taylor ) 226 Campbell Rd ) Greenville, AL 36037-5716 ) ) Defendant. ) ) | Case No. 7:22CV00411 JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Warfighters Motorcycle Club ("WFMC"), by counsel, hereby brings this lawsuit for trademark infringement and a related declaratory judgment against Defendant, John Taylor dba Warfighters Veterans Memorial Coalition ("Defendant"), stating as follows.

### PARTIES, JURISDICTION & VENUE

1. WFMC is a nonstock corporation formed under the laws of the Commonwealth of Virginia, with its principal place of business at 738 British Woods Drive, Roanoke, Virginia 24019.

2. WFMC is a nationwide organization that is comprised of members in local chapters throughout the United States.

3. Defendant is a former member of WFMC and is an attorney licensed in California.

4. This is an action seeking damages from and injunctive relief against Defendant for trademark infringement arising from Defendant's knowing and intentional use of several federally registered trademarks owned by WFMC. It additionally seeks a related declaratory judgment.

5. This Court has personal jurisdiction over Defendant because Defendant engaged in trademark infringement in Virginia, Defendant has knowingly affected the trademark rights belonging to WFMC, and Defendant did so knowing that WFMC holds those rights in Virginia.

6. This Court has subject matter jurisdiction over the claims in this suit under 28 U.S.C. § 1331, because the claims invoke federal questions under the Lanham Act (15 U.S.C. §1051 *et seq.*) and the Declaratory Judgment Act (28 U.S.C. § 2201 *et seq.*).

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2), because a substantial part or all of the property that is the subject of the action is situated in this venue.

## FACTS

### WFMC is Founded and Establishes Its Trademarks

8. WFMC organized in 2011 as a Virginia nonstock corporation.

9. Since its founding, WFMC has operated as a motorcycle club for past or present members of the United States Armed Forces (the "Membership Services").

10. Since its founding, WFMC has also engaged in charitable fundraising services, financial management of private funds raised to benefit agencies supporting U.S. veterans, and the organization of charitable fundraising events related to U.S. veteran support (the "Charitable Services").

11. WFMC has a federal trademark registration for a collective membership mark for "Warfighters Motorcycle Club" (the "Warfighters Wordmark") as used in association with a motorcycle club comprised of past or present members of the U.S. Armed Forces. The Warfighters Wordmark has a registration number of 5987714, a registration date of February 18, 2020, and a first use in commerce date of November 11, 2011. (Exhibit 1).

2

12. Exhibit 1 is a true and accurate copy of the registration certificate for trademark registration number 5987714.

13. WFMC has a federal trademark registration for a wordmark for the acronym "WFMC" (the "Acronym Mark") as used in association with charitable fundraising services, financial management of private funds raised to benefit agencies supporting U.S. veterans, and organizing charitable fundraising events related to U.S. veteran support. The Acronym Mark has a registration number of 5987715, a registration of February 18, 2020, and a first use-in-commerce date of November 11, 2011. (Exhibit 2).

14. Exhibit 2 is a true and accurate copy of the registration certificate for trademark registration number 5987715.

15. WFMC has a design mark for the complete logo used to identify the group ("Membership Mark") as used in association with membership in a motorcycle club comprised of past or present members of the U.S. Armed Forces. The Membership Mark has a registration number of 6077619, a registration date of June 16, 2020, and a first use-in-commerce date of November 11, 2011. (Exhibit 3).

16. Exhibit 3 is a true and accurate copy of the registration certificate for trademark registration number 6077619.

17. The Complaint refers to these trademark registrations collectively as the "WFMC Marks."

18. Since its founding, WFMC has used the WFMC Marks, or legally equivalent variations of those Marks, in association with the Membership Services and the Charitable Services such that it has rights based upon use in commerce beginning on November 11, 2011 and continuing through the present.

19. WFMC is known among consumers and other members of the public familiar with The Membership Services and the Charitable Services, and those consumers or other members of the public recognize the WFMC Marks as a distinctive source of those services.

20. WFMC has spent considerable time and effort to associate in the minds of consumers and the public an association with the WFMC Marks and the Membership Services and Charitable Services.

21. As is customary among motorcycle clubs, the members of the WFMC place a patch on vests, clothing, motorcycles, or other prominently visible places (the "Patch") to make the public aware of their membership in the club and so that they can identify fellow members of the club. The WFMC has used the Membership Mark and legally equivalent variations of that Mark as their Patch from their founding through the present.

22. Membership in WFMC is prestigious among motorcycle riders and veterans of the U.S. Armed Forces, and therefore motorcycle enthusiasts who are past or present members of the United States Armed Forces desire to be in the club so that they can have the honor of wearing or displaying the Patch.

**Defendant's Involvement with WFMC**

23. Defendant was a member of WFMC at its founding and through sometime in 2020.

24. Up until about 2018, WFMC used as its Patch and as a membership mark the mark attached as Exhibit 4 ("Original Mark").

25. Exhibit 4 is a true and accurate depiction of the Original Mark.

26. In 2018, WFMC decided to slightly alter the Patch by removing the letter 'V' in front of the letters 'MC' on the right side of the design, a letter that stood for the word "Veterans." This

4

slight alteration became the Membership Mark previously described, and it was a legal equivalent of the Original Mark.

27. Defendant, then a current member, apparently upset about this slight alteration, engaged in concerted action with another member, Philip Loranger, to secretly file a federal trademark application for the Original Mark as used as a membership mark indicating membership in a motorcycle club. This application is listed with United States Patent and Trademark Office as serial number 88190942 (the "Loranger Trademark Application"). (Exhibit 5).

28. Defendant assisted, directed, and acted in concert with Loranger directly by serving as his attorney of record for the Loranger Trademark Application.

29. Included within the Loranger Trademark Application, and as shown in Exhibit 5, Defendant submitted trademark "specimens," or evidence of use in commerce, that included photographs of the Original Mark as used by WFMC and its motorcycle club.

30. Exhibit 5 is a true and accurate copy of trademark application serial number 88190942.

31. Based on his membership in WFMC, Defendant knew that WFMC had used the Original Mark and continued to use a legally equivalent mark, the Membership Mark, as its Patch, in association with the Membership Services, and in association with the Charitable Services.

32. Based on his membership in WFMC and based upon his active status as an attorney licensed in California, Defendant knew that WFMC owned the WFMC Marks.

33. Indeed, Defendant intentionally, deceptively, and fraudulently submitted the specimens to the United States Patent and Trademark Office in the Loranger Trademark Application knowing that the specimens did not represent use by the applicant, Mr. Loranger.

34. Defendant personally signed and filed a declaration as part of the Loranger Trademark Application in which Defendant affirmed, under penalty of perjury pursuant to 18 U.S.C.

§1001, that (i) the applicant was entitled to exercise legitimate control over the use of the mark in commerce by the members; (ii) no other persons, except for the members, and, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used in connection with the collective membership organization of such other persons, to cause confusion or mistake, or to deceive; and that (iii) Defendant personally made an inquiry reasonable under the circumstances to confirm that the allegations and other factual contentions made in the application had evidentiary support, including the claim that Loranger was in fact the owner of the Original Mark as used in association with the Membership Services, based upon the requirements set forth in the Lanham Act.

35. The declaration that Defendant made to the United States Patent and Trademark Office, under penalty of perjury, was false at the time it was made, and Defendant knew it was false when he made it.

36. WFMC later discovered this secret application when it went to file its own trademark registrations for the WFMC Marks.

37. Even though the WFMC and its members were upset to learn of this secret and deceptive trademark filing, to resolve the matter efficiently and amicably, WFMC paid Loranger $275 (the government filing fee paid by Loranger) to "buy" the trademark application, which it did through a signed and publicly filed trademark assignment document at the United States Patent and Trademark Office at Reel 006624 and Frame 0292. (Exhibit 6).

38. Exhibit 6 is a true and accurate copy of the trademark assignment document described in paragraph 35 (the "Loranger Trademark Application Assignment").

39. Notwithstanding this agreement, Defendant continued to contrive ways to use the Original Mark for himself.

40. As part of this effort, Defendant created an organization called the "Warfighters Veterans Memorial Coalition" ("WVMC"), which he spuriously claims is an informal club or organization interested in promoting the maintenance and dedication of veterans-related memorials. In truth, the organization was and continues to be a sham that is not a *bona fide* enterprise but instead exists solely to antagonize the WFMC and to threaten the legal viability of the WFMC Marks under the cover of spurious legal claims.

41. Defendant has used and continues to use both the acronym "WVMC" and the words "Warfighters Veterans Memorial Coalition" as a source indicator in association with the Membership Services and the Charitable Services, including by making a Facebook page using those marks.

42. WFMC has demanded that Defendant stop using the Original Mark or any other mark similar to, the same as, or the legal equivalent of the WFMC Marks in a manner likely to cause confusion. (Exhibit 7).

43. Exhibit 7 is a true and accurate copy of a letter that WFMC sent to Defendant demanding that he stop his infringing conduct.

44. Defendant has refused to comply with the demand and continues to use his counterfeit or otherwise confusingly similar marks.

45. Defendant's actions forced WFMC to complain to Facebook about the improper, unauthorized use of its Marks on that platform, and as a result, Facebook removed Defendant's page.

46. Despite this, Defendant has continued to use the Original Mark in association with the Membership Services and the Charitable Services in a manner likely to cause confusion.

47. Most significantly, Defendant personally sent a Christmas card and coasters bearing the WVMC name and the Original Mark to a restaurant in Virginia frequented by WFMC members. (Exhibit 8).

48. Exhibit 8 is a true and accurate depiction of the Christmas card and coasters that Defendant sent.

49. On information and belief, Defendant continues to wear a Patch on his clothing, on his motorcycle, and/or in other prominent locations to intentionally deceive WFMC members and members of the public into the mistaken belief that he continues to be a member of WFMC or is otherwise endorsed by the WFMC. He also continues to otherwise use his fraudulent name with the public.

50. Defendant has engaged in these acts knowingly and intentionally, having the knowledge that this restaurant was frequented by WFMC members, and intending to cause confusion among WFMC members and among the public.

51. In defense of his continued use of the Original Mark, Defendant claims that WFMC is precluded from suing him for trademark infringement by virtue of a clause in the trademark assignment filed when the WFMC bought the Loranger Trademark Application, which states as follows: "[s]hould, at any point in time, [WFMC] fail to register, maintain, or cease to use the Mark as a collective membership mark under the trademark laws of the United States to indicate membership in a motorcycle club comprised of past or present members of the U.S. Armed Forces, then [WFMC] agrees that any person then in possession of any item bearing the Mark shall be exempt from any action for infringement of or allegation of unauthorized

8

use of the Mark" (the "Trademark Assignment Clause"). Defendant has repeatedly asserted this supposed defense in written correspondence with the WFMC and its counsel.

52. The clause merely puts in writing the law of trademarks, which permits a later user to use a mark that a previous user has stopped using and has abandoned. WFMC has not abandoned its trademarks, and therefore Defendant's invocation of the clause is misplaced.

53. Indeed, the Membership Mark is the legal equivalent and a continuing use of the Original Mark, based on the doctrine of tacking, because it creates the same, continuing commercial impression as the Original Mark, such that consumers would perceive the two marks to be the same. *See generally Hana Financial, Inc. v. Hana Bank*, 574 U.S. 418 (2015) (explaining in detail this doctrine). Therefore, the Original Mark is integrated with and legally indistinct from the Membership Mark.

54. WFMC has not abandoned any of the WFMC Marks and continues to use them in association with the Membership Services and the Charitable Services.

55. WFMC has not authorized Defendant's use of the WFMC Marks, and yet as of the date of this Complaint, Defendant continues to use the WFMC Marks knowingly and defiantly in a manner adverse to WFMC's interests in the Marks and without WFMC's permission.

**COUNT I**
**INFRINGEMENT OF REGISTERED TRADEMARKS**
**LIKELIHOOD OF CONFUSION**
**(LANHAM ACT § 32/15 U.S.C. § 1114)**

56. The preceding paragraphs are incorporated by reference.

57. The Membership Mark, the Acronym Mark, and The Warfighters Wordmark are all valid and enforceable trademarks as used in association with the Membership Services by virtue of their federal registration certificates, each of which serve as *prima facie* evidence of their validity pursuant to 15 U.S.C. § 1115.

58. Defendant's use of the Original Mark, including by operating a Facebook page called "Warfighters Veterans Memorial Coalition" or "WVMC," sending a Christmas card and coasters bearing those marks to a restaurant that WFMC members frequent, and his continued display of the Patch and other use of the Marks each constitute a use likely to cause confusion or which is otherwise in violation of 15 U.S.C. § 1114.

59. Defendant's use has damaged WFMC and their right to use the WFMC Marks exclusively.

60. Defendant's continued use has caused and will continue to cause WFMC irreparable harm in its rights in the WFMC Marks.

61. WFMC is entitled to actual damages, Defendant's profits, and any other amount deemed appropriate by the Court, including pre- and post-judgment interest, pursuant to 15 U.S.C. § 1117.

62. WFMC is entitled to both a preliminary and a permanent injunction ordering Defendant to stop using the WFMC Marks, to produce any infringing articles bearing the Marks so that they can be destroyed, and to do anything else the Court deems just and proper pursuant to 15 U.S.C. § 1116.

63. WFMC is also entitled to recover its attorneys' fees and costs for this violation pursuant 15 U.S.C. § 1117(a), which represents extraordinary circumstances based on Defendant's knowing and intentional conduct.

**COUNT II**
**COUNTERFEITING**
**(LANHAM ACT § 35(b)/15 U.S.C. § 1117(b))**

64. The preceding paragraphs are incorporated by reference.

65. Defendant's unauthorized use of the Original Mark as recited in Count I, along with his use of marks similar to or the same as the WFMC Marks, is a spurious use of the WFMC Marks

that is identical with, or substantially indistinguishable from the WFMC Marks amounting to counterfeiting in violation of 15 U.S.C. § 1117(b).

66. As a result, WFMC is entitled to an order from the court trebling actual damages, trebling any disgorged profits, and awarding WFMC its attorneys' fees and costs.

67. WFMC is also entitled to the relief previously recited in Count I for this violation.

## COUNT III
## UNFAIR COMPETITION
## (LANHAM ACT § 43(a)/15 U.S.C. § 1125(a))

68. The preceding paragraphs 1-55 are incorporated by reference.

69. This claim is plead in the alternative to Count I.

70. The WFMC Marks are protectable trademarks in that they are distinctive in the minds of consumers and/or the public as used in association with the Membership Services and the Charitable Services, have been continually used in commerce, have been used as a source indicator, and were used prior to Defendant's unlawful use.

71. Defendant's infringing uses are likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with WFMC, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by WFMC, in violation of 15 U.S.C. § 1125(a).

72. Defendant is entitled to the relief previously recited in Count I.

## COUNT IV
## DECLARATORY JUDGMENT
## (28 U.S.C. § 2201 *et seq.*)

73. WFMC incorporates by reference the preceding paragraphs.

74. An actual controversy exists between the parties for which a declaratory judgment, and related injunctive relief, is necessary and appropriate under the Declaratory Judgment Act.

11

75. WFMC is entitled to a declaration that the Trademark Assignment Clause does not authorize Defendant to use the WFMC Marks, nor does it insulate Defendant from infringement of those Marks.

76. WFMC is entitled to a declaration that the Trademark Assignment is void, unenforceable, or does not otherwise give Defendant any rights because it was made without consideration, since Defendant knowingly and intentionally filed a false or fraudulent declaration as a part of the Loranger Trademark Application. As a consequence, Loranger had no actual rights in the applied-for trademark, and both Loranger and Defendant knew he had no such right, and therefore there was no bargained-for exchange providing the elements necessary to form a valid and enforceable contract.

77. WFMC is entitled to a declaration that Defendant has infringed its trademark rights as described in this Complaint.

78. WMFC is entitled to any other declaration the Court deems just and proper.

## PRAYER FOR RELIEF

Based on the foregoing, WFMC respectfully requests this Court do the following:

(1) enter judgment in favor of WFMC on all Counts;

(2) order Defendant to pay WFMC its actual damages for Defendant's trademark infringement, and enter an order trebling those damages;

(3) order Defendant to produce an accounting of all profits earned from Defendant's trademark infringement;

(4) order Defendant to disgorge all such profits, and enter an order trebling those disgorged profits;

(5) declare that the Trademark Assignment Clause does not render Defendant immune from liability for the trademark infringement alleged;

(6) declare that Defendant has infringed the WFMC Marks;

(7) enter preliminary and permanent injunctions prohibiting Defendant from using the WFMC Marks, the Original Mark, or any confusingly similar Marks in a manner likely to cause confusion with the WFMC Marks;

(8) enter an order requiring Defendant to produce all goods, websites, social media accounts, or other things bearing an infringing Mark so that they can be destroyed;

(9) award WFMC its attorneys' fees and costs;

(10) award pre- and post-judgment interest as provided by law; and

(11) give WFMC any other relief the Court deems just and proper.

Respectfully submitted,
BY COUNSEL

/Andrew P. Connors/
Andrew P. Connors, Esq. (VSB No. 80248)
Jacob P. East, Esq. (VSB No. 96959)
DARKHORSE LAW PLLC
7331 Timberlake Rd., Suite 201A
Lynchburg, VA 24502
Phone: 540-553-8149 ext. 2
Fax: 540-301-6460
andrew@darkhorse.law
jacob@darkhorse.law

*Counsel for Plaintiff*
*Warfighters Motorcycle Club*